**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

| | | |
|---|---|---|
| **CHELSEA BRYANT,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**VERIDA, INC.,**<br><br>**Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Case Number: 1:25-CV-00272**<br>**Judge Charles E. Atchley, Jr.**<br>**Magistrate Judge Michael J. Dumitru**<br><br>**JURY DEMAND** |

**JOINT MOTION TO SUSPEND SCHEDULING ORDER DEADLINES AND STAY PROCEEDINGS**

Plaintiff Chelsea Bryant ("Plaintiff") and Defendant Verida, Inc. ("Defendant") (collectively, the "Parties"), by and through their respective counsel, jointly move this Court to stay these proceedings and suspend the remaining deadlines established by the Scheduling Order (Doc. 16) pending approval of the Parties' negotiated settlement agreement by the Bankruptcy Court. In support of this Motion, the Parties state as follows:

The Parties have reached an agreement to resolve this litigation. However, Plaintiff has filed for bankruptcy, and the settlement agreement cannot be finalized without the necessary approval of the Bankruptcy Court. The Parties are currently awaiting such approval before finalizing the settlement and submitting a joint order of dismissal of this action.

Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order may be modified for good cause and with the Court's consent. The Sixth Circuit has recognized that the primary consideration in determining whether good cause exists is the moving party's diligence in attempting to comply with the scheduling order. *Inge v. Rock Financial Corp.*, 281 F.3d 613, 625

(6th Cir. 2002) (explaining that diligence is the primary consideration in determining whether good cause exists to modify a scheduling order).

Here, good cause exists to stay these proceedings and suspend the remaining deadlines because the Parties have reached an agreement to resolve this litigation and are awaiting the necessary approval by the Bankruptcy Court. Requiring the Parties to continue litigating this matter, including the completion of discovery and preparation of dispositive motions, while awaiting such approval would result in unnecessary litigation expenses and would not promote judicial economy.

Accordingly, the Parties respectfully request that the Court stay these proceedings for ninety (90) days and suspend the remaining deadlines established by the Scheduling Order (Doc. 16). If the matter is not ready to be voluntarily dismissed by the conclusion of the stay, the Parties will file a joint status report advising the Court of the status of the Bankruptcy Court's consideration of the settlement and whether further proceedings are necessary.

WHEREFORE, the Parties respectfully request that the Court grant this Joint Motion, stay these proceedings for ninety (90) days, suspend the remaining Scheduling Order deadlines, and grant such other relief as the Court deems appropriate.

***[Signatures appear on the next page]***

Dated: October 26, 2026

Respectfully submitted,

/s/ *Mary Dohner Smith*
Mary Dohner Smith, TN Bar No. 021451
mdohner@constangy.com
Kristin Titley, TN Bar No. 036596
ktitley@constangy.com
**CONSTANGY, BROOKS & SMITH, LLP**
535 Marriott Drive, Suite 225
Nashville, TN 37214
(615) 320-5200

*Attorneys for Defendant*

*/s/ G. Brandon Hall (w/permission)*
G. Brandon Hall, TN Bar No. 034027
bhall@eclaw.com
**THE EMPLOYMENT & CONSUMER LAW GROUP**
1625 Broadway, Suite 601
Nashville, TN 37203
(615) 850-0632

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 26, 2026 copy of the foregoing JOINT MOTION TO SUSPEND SCHEDULING ORDER DEADLINES AND STAY PROCEEDINGS was served electronically via the Court's CM/ECF system upon all parties of record:

G. Brandon Hall
Employment and Commerce Law Group
1625 Broadway, Suite 601
Nashville, TN 37203
bhall@eclaw.com

*/s/ Mary Dohner-Smith*
Mary Dohner-Smith